MICHIGAN NATIONAL BANK, LAN-SING, MICHIGAN, a National Banking Association, Appellant,

v.

Ray M. GIDNEY, Comptroller of the Currency, Appellee.

No. 12848.

United States Court of Appeals. District of Columbia Circuit.

Argued March 16, 1956.

Decided April 5, 1956.

Certiorari Denied Oct. 8, 1956. See 77 S.Ct. 55.

Mr. John Lord O'Brian, Washington, D. C., with whom Messrs. Daniel M. Gribbon and Roberts B. Owen, Washington, D. C., were on the brief, for appellant.

Mr. Oliver Gasch, Principal Asst. U. S. Atty., with whom Messrs. Leo A. Rover, U. S. Atty., Lewis Carroll and Joseph M. F. Ryan, Jr., Washington, D. C., were on the brief, for appellee.

Mr. John II. Pratt, Washington, D. C., filed a brief on behalf of the State of Michigan as amicus curiae, urging affirmance.

Before BAZELON, DANAHER and BASTIAN, Circuit Judges.

PER CURIAM.

Appellant, Michigan National Bank, was formed in 1940 out of a consolidation of six national banks, two of which were in Saginaw and Lansing, under a single charter which designated Lansing as the main office. Some years thereafter, appellant applied to the then Comptroller of the Currency for permission to establish a branch for its Saginaw component. Section 36(c) of Title 12 U.S.C.A. authorizes national banks to establish and operate branches.

"if such establishment and operation are at the time authorized to State banks by the statute law of the State in question by language specifically granting such authority affirmatively and not merely by implication or recognition, and subject to the restrictions as to location imposed by the law of the State on State banks." [1]

Section 34 of the Michigan Financial Institutions Act provides, *inter alia*, that "any bank may * * * establish and operate a branch or branches within the limits of the city * * * *in which said bank is located*." Comp.Laws 1948 Mich. § 487.34. (Emphasis supplied.) On July 14, 1954, the present Comptroller, appellee herein, advised appellant that he agreed with the view of the Attorney General of the State of Michigan, the General Counsel for the United States Treasury, and his own counsel, that the italicized words from the above-quoted State statute "refer to where the main office of the bank is located," and does not refer, as appellant argued, to the place in which the "bank or any branch thereof is located." Appellee therefore ruled that 12 U.S.C.A. § 36(c) forbade approval of a second branch bank in Saginaw. Appellant thereupon brought this declaratory judgment suit challenging appellee's action. On cross-motions, the District Court granted summary judgment for appellee. This appeal followed.

We think appellee's action was based upon a proper construction of applicable law. The summary judgment upholding his action is, therefore,

Affirmed.